# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL MATHIS,** | |
| **Plaintiff,** | **Case No. 2:09-cv-0928** |
| v. | **Judge Peter C. Economus** |
| **CSX TRANSPORTATION, INC.,** | **OPINION AND ORDER** |
| **Defendant.** | |

The matter before the Court is a negligence action in which Plaintiff Michael Mathis claims to have been injured on the job in violation of 45 U.S.C. § 51 *et seq.*, the Federal Employers' Liability Act ("FELA"). Mathis filed his Complaint on October 16, 2009. (Doc. # 2.) Defendant CSX Transportation, Inc., filed its Answer on November 16, 2009 (doc. # 7), and from there, the matter went to trial on February 7, 2012. At the close of Mathis's case in chief, CSX moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The Court granted the motion and ordered judgment in favor of CSX. (Doc. # 63.)

## I.

In March 2005, Mathis began working for CSX as a switchman, brakeman, and conductor. (Complaint, ¶ 3.) On June 26, 2007, while working at the BIDS terminal in Columbus, Ohio, Mathis suffered an injury to his foot. Mathis claims that the cause of the injury was CSX's negligence for failing to provide a safe place to work due to insufficient lighting and footing. Notably, Mathis offered no evidence about the lighting or the footing other than his own statement that they were "inadequate." During his testimony at trial, he stated that he stepped toward a cut lever in a rail car and then felt his foot "pop." He does not know what he stepped on—or if he stepped on anything at all. His doctor testified that the injury was the result of a "misstep."

**II.**

Rule 50 permits a court to render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R. Civ.P. 50(a); *see also Weisgram v. Marley Co.,* 528 U.S. 440, 447 – 48 (2000). "In doing so, however, the court must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554 – 55 (1990)). To withstand a motion for judgment as a matter of law, a plaintiff must present more than a scintilla of evidence. *Aparicio v. Norfolk & Western Ry. Co.*, 84 F.3d 803, 810 (6th Cir. 1996) (abrogated on other grounds by *Reeves*, 530 U.S. at 150 – 51); s*ee also Frazier v. CSX Trans., Inc.*, 156 F.3d 1229 (6th Cir. 1998) (Table); *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 510 (1957).

**III.**

Under FELA, a railroad is liable to its employees "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier[.]" 45 U.S.C. § 51. "To prevail on a FELA claim, a plaintiff must prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Adams v. CSX Trans., Inc.,* 899 F.2d 536, 539 (6th Cir. 1990) (internal quotation marks omitted). A railroad breaches its duty of ordinary care to protect employees from dangers "if it knew or should have known that it was not acting adequately to protect its employees." *Aparicio,* 84 F.3d at 811.

There is no dispute that CSX owed Mathis a duty of care. However, to withstand CSX's motion, Mathis had to present evidence to meet the remainder of the *prima facie* negligence case: breach, foreseeability, and causation. Mathis utterly failed to offer even a scintilla of evidence in

support of these elements. If anything, the only evidence in the record supports CSX's motion for judgment as a matter of law. Mathis's witness Harry Freeman—a member of the Safety Committee to whom workplace-safety complaints were made—testified that he had no knowledge of any supposed inadequate lighting and footing at the BIDS terminal. Mathis testified that he had never reported a problem nor knew of anyone who had. No evidence was introduced to show CSX's knowledge. With only this evidence before it, the jury could not possibly find in favor of Mathis on the elements of breach or foreseeability. Concurrently, the jury had no evidence with regard to the causation element. Mathis not only testified that he has no idea what caused the injury to his foot, but also that he does not even know if he stepped on anything that should not have been there. Even though his doctor testified that the injury was due to a "misstep," there is no evidence to connect the cause of that misstep to CSX's actions or inactions.

The record in this case does not contain any evidence to enable the jury to find in favor of Mathis on the elements of breach, foreseeability, or causation. In the absence of that evidence, judgment as matter of law in favor of CSX is appropriate.

**IV.**

For the foregoing reasons, this Court granted judgment in favor of Defendant CSX Transportation, Inc.'s in an Order filed on February 8, 2012. (Doc. # 63.)

        **/s/ Peter C. Economus  -  February 24, 2012**
        **UNITED STATES DISTRICT JUDGE**